```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
1265 BROADWAY LLC,                            :
                              Plaintiff,      :         21 Civ. 4636 (LGS)
                                              :
              -against-                       :              ORDER
                                              :
OAKWOOD WORLDWIDE (US) LP and                 :
WORLDWIDE CORPORATE HOUSING, L.P.,            :
                              Defendants.     :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendants filed a Notice of Removal on May 27, 2021. Dkt. No. 1.

WHEREAS, the Notice of Removal failed to allege (1) the citizenship of Defendants at the time of commencement of the action; (2) the principal place of business of Pine SR (US) LLC and Pine G.P. (US) LLC, the two partners of Defendant Oakwood Worldwide (US) LP (collectively the "Pine Entities"), and Oakwood Worldwide (US) LP and Worldwide Corporate Housing GP Holdings, LLC, the two partners of Defendant Worldwide Corporate Housing, L.P. (collectively the "Worldwide Entities"); and (3) the citizenship, not just residency, of the members and partners of the Pine Entities and Worldwide Entities. *See* Dkt. No. 1.

WHEREAS, a District Court may *sua sponte* remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006); *accord Banks v. Steiger*, No. 21 Civ. 1343, 2021 WL 634144, at *1 (S.D.N.Y. Feb. 17, 2021).

WHEREAS, a Notice of Removal should allege the citizenship of the parties both at the time of the commencement of the action and at the time of the Notice of Removal. "The general rule is when, as in this case, diversity is the sole basis for asserting removal jurisdiction, diversity must exist both at the time the original action is filed in state court and at the time removal is

sought to federal court." *Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. Appx. 489, 491 (2d Cir. 2003); *see also United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

WHEREAS. "diversity jurisdiction in a suit by or against [a limited liability company or limited partnership] depends on the citizenship of all the members." *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 726 (2d Cir. 2017) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (internal citation and quotation marks omitted)).

WHEREAS, "[c]itizenship for diversity purposes depends on domicile, not residency," *Henry v. Gershan*, 2020 WL 7625164, at *2 (S.D.N.Y. Dec. 22, 2020), and "residence alone is insufficient to establish domicile," *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).  It is hereby

**ORDERED** that the matter is summarily remanded to state court.  Defendants' Notice of Removal is procedurally defective.  Pursuant to section 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Opinion and Order to the Supreme Court of the State of New York, New York County.  The Clerk of Court is further directed to close the case.

Dated: May 27, 2021
      New York, New York

                                                LORNA G. SCHOFIELD
                                        **UNITED STATES DISTRICT JUDGE**